UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO BENNETT,

          Plaintiff,

    v.

WARDEN, et al.,

          Defendants.

No.  2:24-cv-1587 TLN SCR P

ORDER

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff states no claims for relief cognizable under §1983, and dismisses the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §1915(b)(2).

## SCREENING

### I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## II.     Discussion

Plaintiff is incarcerated at Mule Creek State Prison ("MCSP"). He identifies several defendants, none by name: (1) Warden of MCSP, (2) Facility C Search and Escort Officer, Mail Room, (3) Captain Third Watch Supervisor, (4) Lieutenant Third Watch Supervisor, and (5) Sergeant Third Watch Supervisor. While plaintiff has filled out information for three claims, each appears to contain identical allegations. Plaintiff alleges that he did not receive regular nonlegal mail daily as required by prison rules. He also states that mail was tampered with. Plaintiff seeks declaratory relief and compensation for emotional distress.

The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482 U.S. 78 (1987). With respect to incoming prisoner mail, prison officials have a responsibility to forward mail to inmates promptly. See Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). Allegations that mail delivery was delayed for an inordinate amount of time and allegations of a pattern of interference with mail are sufficient to state a claim for violation of the First Amendment. See Calihan v. Adams, 2011 WL 284467, at *3 (E.D. Cal. Jan. 26, 2011) (ongoing delays of between twenty-one and thirty-five days in receiving incoming mail sufficiently long to substantially burden plaintiff's First Amendment rights and chill his exercise

of free speech).  A temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights.  See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband).  However, delay or disruption based on the content of the inmate's mail may support a claim.  See Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir.1987).

Plaintiff's allegations are insufficient to state a claim for a number of reasons.  First, plaintiff fails to explain how long he was deprived of his mail and how often that deprivation occurred.  Second, plaintiff fails to explain how his mail was tampered with.  Third, plaintiff fails to identify the defendant or defendants responsible for the interference with his mail.  In order to state a claim under section 1983, plaintiff must demonstrate a connection between actions of a defendant and a deprivation of his rights.

**CONCLUSION**

As explained above, plaintiff fails to state any claims for relief cognizable under §1983. This court will dismiss the complaint and give plaintiff leave to file an amended complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a person deprives another of a

4

1  constitutional right if that person was personally involved in the deprivation, set in motion acts by

2  others that resulted in the deprivation, or refused to terminate acts by others that resulted in the

3  deprivation).  "Vague and conclusory allegations of official participation in civil rights violations

4  are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

5      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

6  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

7  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

8  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

9      The Federal Rules of Civil Procedure contemplate brevity.  Plaintiff's claims must be set

10  forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A.,

11  534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which

12  was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  However, "a

13  complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on

14  its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570).  A claim is

15  plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference

16  that the defendant is liable for the misconduct alleged."  Id.

17      An amended complaint must be complete in itself without reference to any prior pleading.

18  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

19  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

20  evidentiary support for his allegations, and for violation of this rule the court may impose

21  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

22      For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

23  follows:

24      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 11) is granted.

25      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

26  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).

27  All fees shall be collected and paid in accordance with this court's order to the Director of the

28  California Department of Corrections and Rehabilitation filed concurrently herewith.

5

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6