UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BENNETT,<br><br>   Plaintiff,<br><br>   v.<br><br>WARDEN FOR MULE CREEK STATE PRISON,<br><br>   Defendant. | No. 2:24-cv-1587-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is an incarcerated individual representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is pending before the court for screening. ECF No. 18.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325

1

1  (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless
2  legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical
3  inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and
4  factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).
5     In order to avoid dismissal for failure to state a claim a complaint must contain more than
6  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
7  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
8  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9  statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the
10 court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial
11 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
12 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When
13 considering whether a complaint states a claim, the court must accept the allegations as true,
14 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
15 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
16     II.    First Amended Complaint
17     Plaintiff alleges that while in administrative segregation at Mule Creek State Prison, he
18 did not receive his personal mail for a five day period. Plaintiff asserts that the Facility C Search
19 and Escort Officers did not deliver the mail bag on these days as they are required to do. Plaintiff
20 also names four additional supervisory defendants in this action: the Warden of Mule Creek; the
21 Third Watch Lieutenant of C-Yard; the Third Watch Sergeant of C-Yard; and the Third Watch
22 Captain of C-Yard because they supervised the mail staff. Plaintiff filed an inmate grievance
23 about the delay in receiving his personal mail, and it was granted by prison officials who
24 established a procedure for ensuring delivery of mail when Search and Escort Officers were busy.
25 ECF No. 18 at 13. By way of relief, plaintiff requests a declaratory judgment as well as monetary
26 and punitive damages.
27     III.   Failure to State a Claim
28     As plaintiff was previously advised, a temporary delay or isolated incident of delay does

not violate a prisoner's First Amendment right to send and receive mail.  ECF No. 15 at 4; see also Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) (emphasizing that "merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support ... a cause of action grounded upon the First Amendment"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("isolated incident of mail tampering is usually insufficient to establish a constitutional violation"); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incident of mail interference, absent evidence of improper motive, does not give rise to constitutional violation).  Although plaintiff specified in his amended complaint that the delay was for a period of five days, that does not rise to the level of establishing a First Amendment violation.  Id.  Plaintiff does not specify what personal mail was delayed or allege that it was not delivered on the basis of its content.  Absent such information, the amended complaint fails to state a claim.

The amended complaint also fails to state a claim against any of the four supervisory defendants.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (emphasizing that "[i]n a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  For this additional reason, plaintiff fails to state a claim against any of the supervisory defendants in this action.

IV.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide.  ECF No. 15.  Given the

additional facts alleged by plaintiff, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.

V. <u>Plain Language Summary for Party Proceeding Without a Lawyer</u>

It is being recommended that your complaint be dismissed without leave to amend because the five day failure to deliver your personal mail does not rise to the level of a First Amendment violation.

If you disagree with this recommendation, you have 21 days to explain why it is not the correct result. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the file and make the final decision.

Accordingly, IT IS RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 23, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE